## MURPHY v. PEOPLE.

*Criminal law — Robbery — upon indictment for, jury may convict of larceny or assault and battery — Charge to jury — when assertion of physical power is negation of legal — Exception.*

On a trial for robbery, the evidence for the prosecution tended to establish the offense, but the prisoner gave evidence which, if believed, would have acquitted, or justified conviction for a lesser offense. The prisoner denied all intent to steal, without denying some degree of violence. *Held,* that it · was within the legal power of the jury to convict of larceny from the person, or of an assault and battery.

Upon a request by prisoner's counsel to charge that a conviction could be had for these offenses, the court said: "It is in your power to find this man guilty of arson, in setting fire to the city hall; you are only to find such a ·verdict as the facts that have been proven before you will justify." An exception was taken to this charge, but none to the refusal to charge as requested. *Held,* that the request to charge was as to the legal rights of the jury, and not their physical power; that the charge amounted to a negation of the lawful power, by positive assertion of the physical power to do an unlawful act; and that the exception taken was sufficient to raise the question of the right to refuse to charge as requested.

ERROR to the New York general sessions to review the conviction of Edward Murphy, the plaintiff in error. The facts fully appear in the opinion.

*Wm. F. Howe,* for plaintiff in error.

*B. K. Phelps,* district-attorney, for the people.

DAVIS, P. J. The plaintiff in error was indicted for robbery in the first degree, in feloniously taking by force and violence from the person of the complainant a valise and its contents. The evidence on the part of the prosecution tended to establish, very clearly, the alleged offense; but the prisoner, on his own behalf, gave testimony which, if believed by the jury to be true, would have acquitted him of robbery, but have justified a conviction for a less offense.

At the close of the charge, to which no exceptions were taken, the counsel for the prisoner requested the court "to charge the jury that they can render a verdict of guilty of larceny from the person, or of an assault and battery," to which request the learned recorder responded by saying: "It is in your power to find this man guilty of arson in setting fire to the city hall. You are only to find such a verdict as the facts that have been proven before you will justify."

To this charge the counsel for the prisoner excepted. It was the obvious purpose of the counsel for the prisoner, by his request, to call out instructions that under the indictment in the case, the prisoner could lawfully be convicted of larceny from the person, or of assault and battery, if the jury found the facts of the case to be such as to call for such a conviction at their hands. It was as to *the legal right of the jury* that he desired them to be charged, and not as to their physical power, regardless of legal right. We think the propositions of law involved in the request were sound. The robbery charged embraced larceny from the person, because, if there had been an actual felonious taking, not accompanied with the force and violence, or the fear of immediate injury to the person, necessary to constitute robbery, the crime would drop in grade to the less heinous offence of larceny; or if the taking of the valise by personal violence were found, but without intent to steal, the offense might fall still further into the misdemeanor of assault and battery. The indictment embraced three several ingredients, which, together, constituted the charge of robbery, and the evidence covered the whole ground so that all of the essentials of the highest offense were necessarily within the scope of consideration

by the jury; but inasmuch as the prisoner's own testimony denied all intent to steal, without denying some degree of violence in attempting to take possession of the valise against the complainant's will, and as it cannot be said that the jury had no right to believe his version of the transaction, it follows that it was within their legal power to find that the offence committed was of no higher grade than assault and battery. A verdict for that misdemeanor would, therefore, have been *lawful*, however unreasonable it might appear.

There was no exception to the refusal to charge as requested, and in one view, the omission to take such an exception might be said to operate as a waiver of all error in not so charging. The exception was only to the charge as given. But in this case we think the charge as given, must be read in connection with the request in order to reach the sense in which it was doubtless taken and understood by the jury. The request was in substance that under the indictment, the jury had lawful power to convict of the lesser offense. The charge was an emphatic negative of the *lawful* power by a positive assertion of the physical power to do an unlawful act, in such phrase as at once to impress a juror's mind with the absurdity and illegality of exercising such physical power. When requested to charge that there might be lawfully a conviction of larceny or assault and battery, the court says to the jury: "It is in your power to find this man guilty of arson in setting fire to the city hall. You are only to find such verdict as the facts that are proven before you will justify." Few jurors, unfamiliar with legal learning, would fail to understand the court as meaning to assert, you can do such monstrous things as to convict this prisoner of arson in setting fire to the city hall, and it would be equally monstrous to convict of the requested offenses, but your duty is to convict or acquit of the crime of robbery.

It was erroneous to say to the jury that they had power to convict of the supposed arson, and it cannot, therefore, be supposed that the learned recorder meant to assert any such thing as a legal proposition. It must be deemed, therefore, that he intended by putting before the jury an imaginary exercise of their physical power so striking and repulsive to all notions of propriety, that they would clearly see and shrink from a similar abuse of their functions, by finding no such verdict as the request to charge supposed they might or could find.

It is true it is very easy, by technical construction and subtle reasoning, to reach contrary views as to this charge, and the effect of the exception to it. But we feel bound to regard it as we think the jury must have done, and to consider it, therefore, as a charge, adverse to the request, and therefore legally injurious to the prisoner.

In this view the exception raises substantially the question whether it was right to refuse to charge as requested. It has already been shown that it was not, and therefore, as the plaintiff in error has been deprived of a legal right which might possibly have resulted to his advantage, we are bound to reverse the conviction, however just it may seem upon the whole case.

The judgment and conviction are reversed, and a new trial ordered.

*Judgment reversed and new trial ordered.*